IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| RICHARD W. HENDERSON | § | |
| VS. | § | CIVIL ACTION NO. 1:09CV707 |
| TDCJ, ET AL | § | |

## MEMORANDUM ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Richard W. Henderson, an inmate confined with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983.

The court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge recommends this action be dismissed for want of prosecution pursuant to FED. R. CIV. P. 41(b).

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, and pleadings. Plaintiff filed objections to the Report and Recommendation of United States Magistrate Judge. After due consideration, the court finds plaintiff's objections lacking in merit. Plaintiff has failed to show that he has followed the proper procedures to authorize the payment of the initial filing fee and, in turn, has failed to pay the initial partial filing fee of $2.80. Plaintiff was admonished in the Report and Recommendation of United States Magistrate Judge as to the appropriate procedures as outlined in *Morrow v. Collins*, 111 F.3d 374 (5th Cir. 1997).[1] Furthermore, following his objections, plaintiff was given an additional fifteen (15) day extension to comply pursuant to the

---

[1] In addition, plaintiff is apparently aware of the proper procedure in civil rights cases. The docket sheet for *Henderson v. Dickerson*, et al, 1:07cv705, reflects that plaintiff paid the initial partial filing fee as ordered in that case.

magistrate judge's court order of July 1, 2010. Plaintiff has still yet to comply and his claims as to the January 8, 2009 incident should be dismissed without prejudice for want of prosecution pursuant to FED. R. CIV. P. 41(b).[2]

ORDER

Accordingly, plaintiff's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendations.

So **ORDERED** and **SIGNED** this **17** day of **August, 2010.**

								_____
								Ron Clark, United States District Judge

---

[2]The applicable statute of limitations as to plaintiff's January 8, 2009 claim has not yet run. *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (stating plaintiff did not suffer prejudicial harm resulting from dismissal of claims without prejudice for want of prosecution where statute of limitations did not bar the refiling of plaintiff's claims). To the extent plaintiff asserts a claim as to a November 20, 2006 incident, however, this claim is dismissed with prejudice as it is barred by the applicable statute of limitations. The statute of limitations on this claim ran prior to plaintiff filing the present civil rights claim which was entered on May 11, 2009 (plaintiff filed an amended complaint in Cause No. 1:07cv705 adding these claims which were severed by court order into the above-referenced Cause No. 1:09cv707). It is noted that plaintiff did not date his amended complaint and, for purposes of this memorandum order, the filing date of May 11, 2009 has been referenced.